```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON
```

MARCUS-CHRISTOPHER TIMMONS, et                            CV. 06-401-HU
al.,
                                                               ORDER
            Plaintiffs,

      v.

UNITED STATES OF AMERICA,

            Defendant.

KING, Judge

　　　Plaintiffs, inmates at FCI Sheridan, bring this action seeking their immediate release from confinement.  Currently before the court is the United States' motion to dismiss.  For the reasons set forth below, the motion is granted.

## **DISCUSSION**

　　　This is the sixteenth case filed by plaintiff Timmons in this court wherein he seeks his release from confinement.  In this proceeding, Timmons, joined by ten other inmates, seeks release pursuant to the All Writs Act (28 U.S.C. § 1651), and the "savings to suitors clause" of 28 U.S.C. § 1333(1).  Plaintiffs argue that the district court(s) which sentenced them lacked jurisdiction

1 -- ORDER

because 18 U.S.C. § 3231 has no enactment clause.  The United States moves to dismiss on the basis of frivolity, res judicata, or because a § 2255 motion is plaintiffs' exclusive remedy.  I agree with the latter assertion.

It is well settled that 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000).  A federal prisoner cannot challenge his conviction or sentence by way of a common law writ when the challenge is cognizable under § 2255.  United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001).

In the present case, plaintiffs have made no showing that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention.  Indeed, plaintiff Timmons, who was sentenced in the U.S. District Court for the Central District of California, has been given multiple opportunities by this court to demonstrate that § 2255 is inadequate or ineffective and he has failed to do so.  See e.g. Timmons v. Daniels, 03-31-HA (D.Or. Oct. 7, 2003).

## CONCLUSION

Based on the foregoing, the United States' motion to dismiss (#15) is GRANTED.  This proceeding is DISMISSED, without prejudice,

2 -- ORDER

to the plaintiffs' right to seek relief under § 2255 in the districts which imposed their individual sentences. All other pending motions are DENIED AS MOOT.

    IT IS SO ORDERED.

    DATED this __28__ day of June, 2006.

                                    /s/ Garr M. King

                                      Garr M. King

                                    United States District Judge